IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| GLENN MICHAEL CRIHFIELD, and DEBRA ANN MARTINEZ,<br><br>      Plaintiffs<br><br>VS.<br><br>POWER OF GRACE TRUCKING LLC, and DIEGO AARON PEREZ<br><br>      Defendant | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 4:25-cv-12<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COME GLENN MICHAEL CRIHFIELD and DEBRA ANN MARTINEZ, Plaintiffs, and for cause of action would respectfully show the following:

### I. THE PARTIES

**A.   PLAINTIFFS**

1. Plaintiff, GLENN MICHAEL CRIHFIELD (hereinafter "Crihfield), is a citizen of the United States, and specifically, a citizen of the State of Texas, residing in Fort Stockton, Pecos County, Texas. GLENN MICHAEL CRIHFIELD brings suit herein in his individual capacity for his personal injuries.

2. Plaintiff, DEBRA ANN MARTINEZ (hereinafter "Martinez"), is a citizen of the United States, and specifically, a citizen of the State of Texas, residing in Fort Stockton, Pecos County, Texas. DEBRA ANN MARTINEZ brings suit herein in her individual capacity for her personal injuries.

**B.   DEFENDANTS**

3. Defendant, POWER OF GRACE TRUCKING LLC (hereinafter "POGT") is a foreign for-profit limited liability company with an address of 809 S Dal Paso, Hobbs,

New Mexico, 88240-7001, doing business in Texas. This Defendant may be served with process by serving its Texas registered agent for service, William E. Knox, 9212 Blarney Stone Way, Forney, Texas 75126.

4.     Defendant, DEIGO AARON PEREZ (hereinafter "PEREZ") is a natural person and a citizen of the state of Texas. This Defendant may be served at his last known address, 120 Calle De La Cruz, Mesquite, New Mexico 88048, or wherever he may be located.

## II. Jurisdiction and Venue

5.     The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different U.S. states (Texas and New Mexico), and the amount in controversy exceeds $75,000, excluding interest and costs.

6.     This is a personal injury cause of action arising out of a motor vehicle collision occurring in Pecos County in the Western District of Texas. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## III. Facts

7.     The terms "tractor-trailer in question," "subject tractor-trailer" or "Defendants' tractor-trailer" refer to a 2014 Freightliner truck-tractor bearing vehicle identification number (VIN) 3AKJGLD60ESFS1788 and the 2001 Pines Trailer Corp trailer bearing VIN 3P9R5C2P411028071 it was towing.

8.     At the time of the incident in question, the tractor-trailer in question was owned or leased by Defendant POGT and being operated by Defendant Perez.

9.     The terms "motorcycle in question," "subject motorcycle" or "Plaintiffs' motorcycle" refer to a 2006 Harley-Davidson motorcycle bearing vehicle identification number (VIN) 1HD1FMW126Y617760.

10.    At the time of the incident in question, the motorcycle in question was being operated by Plaintiff Crihfield with Plaintiff Martinez riding as a passenger.

11. This suit arises out of a motor vehicle incident, which occurred on or about June 27, 2024. On this date, Defendant Perez was operating the tractor-trailer in question traveling south on US Highway 285 near mile marker 420, and Plaintiffs Crihfield and Martinez were traveling south on the same highway behind Defendant Perez on the motorcycle in question.

12. Defendant Perez vacated his lane of travel onto the improved shoulder in an attempt to make an unsafe, wide left turn in the tractor-trailer in question, when he struck Plaintiffs as the motorcycle in question continued in its lane of travel. Plaintiffs were ejected from the motorcycle in question, sustaining serious injuries as a result of this incident, and Plaintiffs suffered their damages.

## IV. NEGLIGENCE OF POWER OF GRACE TRUCKING, LLC (POGT)

13. Plaintiffs incorporate by reference each and all of the allegations contained in paragraphs 1 – 12 of this Complaint as though fully set forth herein.

14. At the time of the incident in question, POGT was the owner/operator of the tractor-trailer in question being driven by Defendant Perez.

15. At the time of the incident in question, Perez was under the control of POGT, as an employee and/or agent of POGT, and was acting within the course and scope of his employment.

16. Therefore, POGT is vicariously responsible for the negligence and negligence *per se* of Perez based on the theory of *Respondeat superior*.

17. Plaintiffs further assert and allege at the time of the collision made the basis of this suit that Defendant POGT was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to, the following, each of which

singularly or in combination with others, was a proximate cause of the occurrence in question:

    a.    failing to properly train Perez;

    b.    failing to properly supervise Perez;

    c.    failing to properly implement appropriate policies and procedures;

    d.    failing to ensure Perez was in the appropriate condition to be safely operating a commercial motor vehicle;

    e.    entrusting a commercial motor vehicle to Perez;

    f.    failing to provide proper and/or adequate training with respect to safe operation of a commercial motor vehicle;

    g.    failing to ensure the safety of others through proper training;

    h.    failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing the safe operation and use of commercial motor vehicles;

    i.    creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

    j.    negligently exercising control on Perez; and

    k.    having superior knowledge of specific risk and specific danger and failing to guard against it; and

    l.    failing to properly maintain the tractor-trailer in question, including but not limited to the brakes on said tractor-trailer.

18. Each and all of the above mentioned acts of omission and/or commission constituted negligence and/or gross negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs hereby seek recovery.

### V. NEGLIGENCE AND NEGLIGENCE *PER SE* OF DIEGO AARON PEREZ (PEREZ)

19. Plaintiffs incorporate by reference each and all of the allegations contained in paragraphs 1 – 18 of this Complaint as though fully set forth herein.

20. At the time and on the occasion in question, Defendant Perez, while operating the tractor-trailer in question within the course and scope of his employment for Defendant POGT and while operating said vehicle for and on behalf of and with Defendant POGT's permission, failed to use ordinary care by various acts and omissions, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    a. in making an unsafe turn;

    b. in failing to keep a proper lookout;

    c. in failing to pay attention to the roadway;

    d. in becoming distracted while driving;

    e. in operating the tractor-trailer in question in a careless and heedless fashion on the roadway as to endanger other persons using the roadway;

    f. in failing to abide by the proper rules and regulations concerning the use and management of a commercial motor vehicle; and

    g. in failing to operate a commercial motor vehicle in a reasonable and prudent manner.

21. Each and all of the above foregoing acts of omission and/or commission constituted negligence and/or gross negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs now seek recovery.

22. Defendant Perez's act of turning when unsafe, in violation of Texas Transportation Code § 545.103, constitutes negligence *per se* and was a proximate cause of the injuries and damages to Plaintiffs, and for which Plaintiffs hereby seek recovery.

## VI. GROSS NEGLIGENCE AND MALICE AGAINST DEFENDANTS

23. Plaintiffs incorporate by reference each and all of the allegations contained in Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     Plaintiffs further assert and allege Defendant POGT's acts of omission and/or commission collectively and/or severally constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of the Plaintiffs' in instructing and permitting Perez to operate the tractor-trailer in question with an extreme degree of risk to all persons traveling on Texas roadways on the day in question, which such degree of risk manifested itself on Plaintiffs herein. This wanton and conscious indifference constituted gross negligence and was a proximate cause of the collision made the basis of this suit, and of the injuries and damages suffered by Plaintiffs.

25.     Plaintiffs further assert and allege that the acts of omission and/or commission of Defendant Perez collectively and/or severely constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of the Plaintiffs in operating the tractor-trailer in question in a careless and heedless fashion on the roadway as to endanger other persons using the roadway. Such conduct by Perez created an extreme degree of risk to all persons traveling on Texas roads, which degree of risk manifested itself on Plaintiffs herein. This wanton and conscious indifference constituted gross negligence and was a proximate cause of the collision made the basis of this suit, and of the injuries and damages suffered by Plaintiffs.

### VII.   DAMAGES

26.     Plaintiffs incorporate by reference each and all of the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

A.     PLAINTIFF GLENN MICHAEL CRIHFIELD – PERSONAL INJURIES

28.     As a result of the incident in question, Glenn Michael Crihfield was seriously injured and suffered severe, permanent, and disabling injuries.

29.     As a result of the incident in question, Glenn Michael Crihfield suffered physical pain and mental anguish, both past and future.

30.     As a result of the incident in question, Glenn Michael Crihfield suffered loss of earning capacity, both past and future.

31.     As a result of the incident in question, Glenn Michael Crihfield suffered disfigurement, both past and future.

32.     As a result of the incident in question, Glenn Michael Crihfield suffered impairment, both past and future.

33.     As a result of the incident in question, Glenn Michael Crihfield has incurred medical care expenses, and in reasonable probability, will incur medical care expenses in the future.

**B.    PLAINTIFF DEBRA ANN MARTINEZ – PERSONAL INJURIES**

34.     As a result of the incident in question, Debra Ann Martinez was seriously injured and suffered severe, permanent, and disabling injuries.

35.     As a result of the incident in question, Debra Ann Martinez suffered physical pain and mental anguish, both past and future.

36.     As a result of the incident in question, Debra Ann Martinez suffered loss of earning capacity, both past and future.

37.     As a result of the incident in question, Debra Ann Martinez suffered disfigurement, both past and future.

38.     As a result of the incident in question, Debra Ann Martinez suffered impairment, both past and future.

39. As a result of the incident in question, Debra Ann Martinez has incurred medical care expenses, and in reasonable probability, will incur medical care expenses in the future.

C. **EXEMPLARY DAMAGES**

40. The Defendants' conduct, when viewed objectively from the standpoint of the actor, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs' Decedent. Defendants had actual subjective awareness of the risk involved, but nevertheless, preceded with conscious indifference to the rights, safety and welfare of the Plaintiffs' Decedent. Accordingly, Plaintiffs seek recovery of exemplary damages against Defendants.

VIII. **PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

41. Plaintiffs incorporate by reference each and all of the allegations contained in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

IX. **JURY DEMAND**

43. Plaintiffs request a trial by jury for all issues of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for Plaintiffs' actual damages, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**SAHADI LEGAL GROUP**

By: */s/ Reagan Sahadi*
R. Reagan Sahadi
State Bar Number 24042369
Federal Bar Number 634434
414 S. Tancahua Street
Corpus Christi, TX  78401
Telephone:  361-760-3300
Facsimile:  361-760-3310
E-mail:  rsahadi@sahadilegal.com
e-filing@sahadilegal.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**